**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

**BRANDON PELLY**,

Plaintiff,

v. No. 1:25-cv-01296-STA-jay

**GARY ROSS**,

Defendant.

---

## REPORT AND RECOMMENDATION

---

On December 29, 2025, Plaintiff Brandon Pelly filed a lawsuit against Defendant Gary Ross. (Docket Entry ["D.E."] 1). The Court is required to conduct a screening of this action because Pelly sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 2, 6). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

Pelly filed this action using a pre-printed "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form. (D.E. 1). Pelly alleges Defendant Ross is employed by "Open Arms/Area Relief/Room and Inn." (*Id.* at 2). In the "Statement of Claim" portion of his Complaint, Pelly alleges: "Dec. 25-29 – I have been instructed from owner of the establishment that my presence [sic] is fine but no further than steps. Mr. Gary was not combative/disregard for executive orders. This is a non-profit organization. These are not personal to the people or others." (*Id.* at 2). In terms of relief, Pelly simply requests: "SAME!!" (*Id*. at 3).

II.

A. 28 U.S.C. § 1915 Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B. Standard of Review for Failure to State a Claim

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

C. Analysis

In Pelly's Complaint, he relies upon 42 U.S.C. § 1983 as the basis of his cause of action; however, section 1983 fails to provide a cause of action against the named Defendant. For Pelly to state a claim under 42 U.S.C. § 1983, he must "allege the violation of a right secured by the [C]onstitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1998)). Because Pelly has not alleged that any of his constitutional or federal statutory rights were deprived, nor that the Defendant acted under color of state law, he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. As such, Pelly's Complaint should be dismissed.

III.

For this reason, it is **RECOMMENDED** that Plaintiff Brandon Pelly's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Respectfully submitted, this the 14th day of September, 2026.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**